JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STUSSY, INC.,

Plaintiff,

v.

SWISH STUDIOS LLC d/b/a Swish Studios Glendale;
SWISH STUDIOS GRP LLC d/b/a Swish Studios Cerritos and Swish Studios Irvine;
ABHISHEK HITESH PATADIA a/k/a Abhi Patadia;
RICKY KAGASOFF a/k/a Ricky Daniel Kagasoff; and
DOES 1 through 10, inclusive,

Defendants.

Case No. 8:26-cv-01022-JWH-ADSx

**JUDGMENT, CONSENT DECREE, AND PERMANENT INJUNCTION**

The Court having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction that has been executed by Plaintiff STUSSY, INC. ("Stussy" or "Plaintiff") and Defendants SWISH STUDIOS LLC d/b/a Swish Studios Glendale; SWISH STUDIOS GRP LLC d/b/a Swish Studios Cerritos and Swish Studios Irvine; ABHISHEK HITESH PATADIA a/k/a Abhi Patadia; and RICKY KAGASOFF a/k/a Ricky Daniel Kagasoff (collectively, "Defendants") in this action, and good cause appearing therefore,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. §§ 101 *et seq*. and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendants.

2. Plaintiff has long used, prior to the acts of Defendants as described in the Complaint, its trademark STUSSY®, including without limitation, in standard characters, in a graffiti style, and a script style, among others, including but not limited to those identified in the attached Exhibit A (the "STUSSY Marks").

3. Plaintiff has expended considerable resources in the creation and commercial exploitation of the STUSSY Marks on merchandise and in the enforcement of the intellectual property rights in the STUSSY Marks.

4. Plaintiff has alleged that Defendants have made unauthorized uses of the STUSSY Marks or substantially similar likenesses or colorable imitations thereof.

5. Defendants and their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations, or other entities in active concert or participation with them who receive actual notice of the Injunction are **RESTRAINED** and **PERMANENTLY ENJOINED** from infringing—directly, contributorily or vicariously—or enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, authorizing, aiding or abetting, materially contributing to, or persuading anyone to infringe in any manner the STUSSY Marks, including, but not

limited to, manufacturing, importing, distributing, advertising, selling, and offering for sale any unauthorized product that features any of the STUSSY Marks ("Infringing Products") and, specifically:

a. importing, manufacturing, distributing, advertising, selling, and/or offering for sale the Infringing Products or any other unauthorized products which picture, reproduce, copy, or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

b. importing, manufacturing, distributing, advertising, selling, and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging, or containers that picture, reproduce, copy, or use the likenesses of or bear a confusing and/or substantial similarity to any of the STUSSY Marks;

c. engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Stussy, are sponsored, approved or licensed by Stussy, or are in some way affiliated with Stussy;

d. affixing, applying, annexing, or using in connection with the importation, manufacture, distribution, advertising, sale, and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending falsely to describe or represent such goods as being those of Stussy; or

e. otherwise competing unfairly with Stussy in any manner.

6. Plaintiff is entitled to, and shall recover from Defendants, the sum of Three Hundred Fifty Thousand U.S. Dollars ($350,000.00), pursuant to the terms of the parties' Release and Settlement Agreement dated and effective July 24, 2026.

7. Each side shall bear its own fees and costs of suit.

8. Except as provided herein, all claims alleged in the Complaint are **DISMISSED without prejudice**.

9. This Consent Decree and Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

10. Defendants DOES 1 through 10, inclusive, are **DISMISSED**.

11. The Court retains jurisdiction over Defendants and of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree and Permanent Injunction or of the Parties' Release and Settlement Agreement dated and effective July 24, 2026.

12. To the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 31, 2026

Hon. John W. Holcomb
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
| STUSSY | 1395006 | 5/27/1986 |
| STUSSY | 2054502 | 4/22/1997 |
| STUSSY | 2370710 | 5/2/2000 |
| STUSSY | 2370712 | 7/25/2000 |
| STUSSY | 2393113 | 10/10/2000 |
| STUSSY | 2478459 | 5/2/2000 |
| STUSSY | 3359114 | 12/25/2007 |
| | 2060941 | 5/13/1997 |
| | 2395545 | 7/25/2000 |
| | 3289539 | 6/26/2007 |

| | | |
|---|---|---|
| | 3334365 | 8/28/2007 |
| | 3334366 | 11/13/2007 |
| | 2357804 | 6/13/2000 |
| | 5564337 | 9/18/2018 |
| | 2357805 | 6/13/2000 |
| STÜSSY | 2504298 | 11/6/2001 |

| | | |
|---|---|---|
| | 2225736 | 2/23/1999 |
| | 7584088 | 12/03/2024 |
| | 3752265 | 2/23/2010 |
| | 5291490 | 11/17/2015 |
| | 6885821 | 11/23/2021 |
| | 5938649 | 12/17/2019 |